UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**HURWITZ MINTZ FINEST FURNITURE**　　　　　　　**CIVIL ACTION**

**VERSUS**　　　　　　　**NO. 06-4817**

**UNITED FIRE & CASUALTY CO.**　　　　　　　**SECTION "T" (3)**

ORDER AND REASONS

Before the Court is Plaintiffs' Motion for Review of the Magistrate's Decision Granting Defendant's Motion to Compel Allegedly Privileged Documents. Rec. Doc. 222. Defendant filed an Opposition. Rec. Doc. 244. The Motion came for hearing with oral argument on August 8, 2007, and was taken under submission. The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

**I.　　BACKGROUND**

This action involves a dispute over insurance coverage applicable to Plaintiffs' two (2) furniture stores as a result of damage arising out of Hurricanes Katrina and Rita. Plaintiffs were the named insured on Policy No. 70606595 issued by Defendant with an original policy period of June 30, 2005 through June 30, 2006. . The coverage was procured through Plaintiff's agent, Tim Avegno with the Eagan Insurance Agency (hereinafter, "Avegno").

Defendant deposed Avegno on May 9, 2007 and during that deposition, counsel for Defendant began to question Avegno regarding conversations he had with counsel for the Plaintiffs. Plaintiffs' counsel objected on the basis of the attorney/client privilege. Counsel could not agree and therefore, they contacted the Magistrate for guidance. The Magistrate requested the parties brief the issue. Also at the deposition, defense counsel began questioning Avegno regarding e-mails produced by Eagan Insurance Agency. Plaintiffs' counsel objected to questioning regarding the e-mails claiming attorney-client privilege. Thereafter, Defendant filed a Motion to Compel. Rec.

Doc. 134. The privilege issues concerning the communications and the e-mails were briefed and presented to the Magistrate who granted the Defendant's Motion, without assigning reasons. Rec. Doc. 193. The instant Appeal/Review of that decision followed.

Prior to getting to the arguments of the parties, the Court lays out the e-mails at issue. The first e-mail is dated July 26, 2006, and its sent from Mitchell Mintz (Hurwitz Mintz representative) to Martha Curtis (counsel for Hurwitz Mintz), Avegno, Stanley Caron (Hurwitz Mintiz CPA), C. Mintz and D. Guadet. *See* Exhibit "B"attached to Rec. Doc. 134. The second e-mail is addressed to Mitchell Mintz from Martha Curtis dated July 25, 2006. *See* Exhibit "C" attached to Rec. Doc. 134. The third is an e-mail from Martha Curtis to Mitchell Mintz dated August 18, 2006. *See* Exhibit "D" attached to Rec. Doc. 134. The final e-mail dated July 26, 2006, is addressed to Stanely Caron, Avegno, C. Mintz and D. Gaudert from Mitchell Mintz. Martha Curtis is copied on the e-mail. *See* Exhibit "E" attached to Rec. Doc. 134. All of these e-mails were produced to Defendant pursuant to a subpoena sent to Eagan Insurance Agency. They were not produced by Hurwitz Mintz directly.

Plaintiffs submit that the Magistrate erred because the information in the e-mails includes detailed recitation of legal strategy and opinions by Plaintiffs' counsel; therefore, because the absolute nature of attorney-client privilege, these communications cannot be waived. Rec. Doc. 222 at p. 2. As such, Plaintiffs submit that the fact that the e-mails were in the file of Avegno and produced by Eagan Insurance Agency does not destroy the privilege. Moreover, Plaintiffs assert that Avegno was the recipient of the e-mails between Plaintiffs and its counsel in an attempt by Plaintiffs to obtain legal advice and legal representation for its insurance claim and was contacted in an effort to become apprised of the status of the Plaintiffs' claims. Rec. Doc. 222 at p. 2. In other words,

Plaintiffs claim the privilege is not waived because Avegno is their "representative." Rec. Doc. 222 at p. 3.

Second, Plaintiffs argue that the privilege is not destroyed when a person other than a lawyer is present at a conversation between an attorney and his client if that person is needed to assist the attorney in providing legal services. Because Avegno received the confidential communications and participated in the conversations to assist Plaintiffs, they argue the privilege could not be destroyed. Rec. Doc. 222 at pp. 2-3.

Third, Plaintiffs argue that they intended the communications to remain confidential because they were prepared in Plaintiffs' efforts to obtain legal advice or in the anticipation of litigation. Rec. Doc. 222 at p. 3. Further, they urge they never intended to waive any privilege by disclosing the confidential information with its counsel to its insurance agent and if such is concluded, the disclosure was inadvertent. Rec. Doc. 222 at pp. 3-4.

Finally, Plaintiffs submit that the work-product doctrine applies to the communications. Plaintiffs note that the Magistrate, in a separate ruling, held that Defendant did not have to produce (based upon work-product) documents post July 26, 2006, because that is the date the first letter from Plaintiffs' retained counsel was forwarded to Defendant. Rec. Doc. 35. Thus, because all except one of the documents at issue, were prepared on or after July 26, 2006, they should be protected by the work-product doctrine. Nevertheless, plaintiffs argue that the one document at issue prepared before the deadline clearly indicates that it was prepared after Plaintiffs' counsel was retained and pre-dates the deadline by just one day. Thus, it was prepared in anticipation of litigation. Rec. Doc. 222 at p. 4.

Defendants counter that Plaintiffs' have failed in meeting their burden that the privilege

3

applies. First, Defendants argue Plaintiffs' disclosure evaporated and destroyed the privilege. Rec. Doc. 244 at p. 4. Second, this is not a case of inadvertent disclosure because the e-mails were obviously sent by someone with Plaintiffs' organization to Avegno at Eagan and then printed or copied by his office for production in accordance with the subpoena. Rec. Doc. 244 at p. 4. Third, Avegno was not Plaintiffs' representative and he was not providing legal assistance because no evidence has been presented showing such a relationship. Additionally, Defendant's submit Avegno's so called "advice" contradicts the coverage position currently taken by Plaintiffs undermining their argument that he was involved in the details of the adjustment of Plaintiffs' claims and that his knowledge was necessary to assist counsel in evaluating Plaintiffs' claims. Rec. Doc. 244 at p. 5. Fourth, Defendant argues that the work-product doctrine is inapplicable because it is waived when, in circumstances like this case, the information is shared with a third-party; even if the information contains the opinion of the attorney. Rec. Doc. 244 at p. 7. Finally, Defendants assert that even if the privilege and work-product protections are not waived, the information can be used at trial as impeachment evidence. Rec. Doc. 244 at p. 7.

## II.   LAW AND ANALYSIS

FRCP Rule 72(a) governs the review of a Magistrate's Order. Rule 72(a) provides, in pertinent part that:

> [w]ithin 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order…The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Further, 28 USC § 636(b)(1) (A) provides, in pertinent part:

> A judge of the court may reconsider any pretrial matter under this

>subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

In applying this "clearly erroneous" standard, a District Court shall affirm the decision of the Magistrate Judge unless, based on all of the evidence, the court is left with a definite and firm conviction that the magistrate judge made a mistake. *See Moody v. Callon Petroleum Operating Co*, 37 F. Supp.2d 805, 807 (E.D. La. 1999)(Porteous, J).

The attorney-client privilege protects communications between the attorney and his client for the purpose of obtaining legal advice. *United States v. Zolin*, 491 U.S. 554, 562, 109 S.Ct. 2619, 105 L.Ed.2d 469 (1989); *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981); In *re EchoStar Commc'ns Corp.*, 448 F.3d 1294, 1300 (Fed.Cir.2006); *Genentech, Inc. v. U.S. Int'l Trade Comm'n,* 122 F.3d 1409,1415 (Fed.Cir.1997). The privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with the communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding ...; and (4) the privilege has been (a) claimed and (b) not waived by the client. *Energy Capital Corp. v. United States,* 45 Fed.Cl. 481, 484-85 (2000) *quoting United States v. United Shoe Mach. Corp.*, 89 F.Supp. 357, 358-59 (D.Mass.1950). "The burden of establishing the attorney-client privilege rests upon the party claiming privilege." *Energy Capital*, 45 Fed.Cl. at 484; *First Fed. Sav. Bank*, 55 Fed.Cl. at 267; *In re: Shell Oil Refinery*, 812 F.Supp. 658, 661 (E.D.La.1993), *citing Smith v. Kavanaugh, Pierson & Talley*, 513 So.2d 1138, 1143 (La.1987).

Voluntary disclosure of confidential communications to a third party constitutes a waiver of the privilege as to those communications. *Genentech*, 122 F.3d at 1415.  The scope of the waiver extends to all communications relating to the same subject matter. *EchoStar*, 448 F.3d at 1299. "There is no bright line test for determining what constitutes the subject matter of a waiver, rather the courts weigh the circumstances of the disclosure, the nature of the legal advice sought and the prejudice to the parties of permitting or prohibiting further disclosures." *AAB Joint Venture v. U.S.,* 75 Fed.Cl. 432, 446 (Fed. Cl. 2007)

Some courts, however, find an exception to the waiver of privilege when the disclosure is "inadvertent." *See e.g., Alldread v. City of Grenada*, 988 F.2d 1425, 1434 (5th Cir.1993); *KL Group v. Case, Kay & Lynch*, 829 F.2d 909, 919 (9th Cir.1987); *see also In re Sealed Case*, 877 F.2d 976, 980 (D.C.Cir.1989); Rice, Attorney-Client Privilege § 9:69 at 9-229 to -232. For instance, if a party has used reasonable effort to protect a confidence, courts may find a subsequent disclosure "inadvertent" and, thus, not a waiver of privilege. Rice, Attorney-Client Privilege § 9:69, at 9-229 to -231

Contrary to Plaintiffs' arguments, the aforementioned case law is clear that the attorney-client privilege is not absolute and can be waived if voluntary disclosure is made to a third party. Plaintiffs argue that any disclosure made was "inadvertent" and therefore, attempt to invoke the exception to rule of waiver when voluntarily disclosure is found.  However, the only evidence this Court sees of the alleged "inadvertent" disclosure is a footnote in Plaintiffs' Motion that provides: "[n]otably at least one of the emails at issue does not even show Mr. Avegno as a recipient and it is unclear how such came into the agency's files." Rec. Doc. 222 at p. 4 FN 1.  This evidence was also presented to the Magistrate Judge.  *See* Rec. Doc. 143 at p. 3.  The allegations in this footnote

are not enough to show that the e-mails produced from the Agent's files were anything other than voluntarily disclosed by Plaintiffs. Plaintiffs failed to put forth any other evidence that these e-mails were anything other than voluntarily given. Further, in conjunction with its argument that Avegno was its "representative" it is stated that Avegno was given some of he e-mail correspondence in Plaintiffs' attempt to "obtain legal advice and legal representation for its insurance claims." Rec. Doc. 222 at p. 2. Plaintiffs cannot claim inadvertence in one section and then voluntarily submission in another.

Turning now to Plaintiffs argument that the communications were protected because Avegno was their alleged "representative," the agent/representative relationship is an exception to the waiver requirement. However, a detailed factual showing is necessary to establish the relationship between the client and a third party that is sought to be included within the protection of the attorney-client privilege. *Energy Capital Corp.,* 45 Fed.Cl. At 492.

Here, the Court, after reviewing the evidence, does not agree with Plaintiffs' characterization of Avegno as its agent for legal advice in this matter and does not find that Plaintiffs have met their burden. Avegno testified that he is the insurance agent and therefore, represented both the client, the insured, and the insurance company. Such dual representation cannot be said to equate to, as Plaintiffs suggest, Avegno being the insured's representative.

Finally, as to the work-product issue, the Court finds the issue is not so clear cut. The purpose of the work product privilege is different than the attorney-client privilege and does not exist to protect a confidential relationship but to promote the adversary system by safeguarding the fruits of an attorney's trial preparations from the discovery attempts of an opponent. *Shields v. Sturm, Ruger & Co.,* 864 F.2d 379, 382 (5th Cir 1989)(citations omitted). As such, the Fifth Circuit

7

has held, contrary to Defendant's argument, that the "mere voluntary disclosure to a third person is insufficient in itself to waive the work product privilege." *Shields*, 864 F. 2d 379. Most of the e-mails at issue arguably contain the work-product of the Plaintiffs' counsel. Considering that the voluntary waiver doctrine does not apply the same in the work-product context as it does in the attorney-client privilege context,[1] the Court believes the issue of whether these e-mails are protected by the work-product doctrine needs to be explored further. As it is unclear from the Magistrate's ruling whether or not these e-mails were compelled because they were not the work-product or because they were subject to some waiver (including perhaps the voluntary waiver if there are applicable exceptions) of that doctrine, the Court remands the matter to the Magistrate to review these issues.

For the reasons stated herein, the Court finds that the Magistrate's ruling was not clearly erroneous nor contrary to law as to the finding that lack of the attorney-client privilege and therefore, Plaintiffs' Motion (Rec. Doc. 222) is **DENIED** on those issues. The matter is remanded to the Magistrate to review the work-product issues as laid out in this opinion and to that end, the Motion is **GRANTED**.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion is **DENIED IN PART** and **GRANTED IN PART**.

---

[1] *See also In re Commercial Financial Services, Inc.*, 247 B.R. 828, 846 (Bkrtcy.N.D.Okla.,2000)(Stating that the range of interests protected by the work product doctrine is broader than the interests served by the attorney-client privilege; in addition to maintaining confidential communications and thus encouraging full client participation in the litigation, the work product doctrine preserves attorneys' interests in their own intellectual creations and processes, and promotes the use of the adversary system to settle disputes that are otherwise irreconcilable. In recognition that attorneys and their work product are "indispensible parts of our administration of justice," the privilege is assertable by the attorney, and is not necessarily waived by disclosure.")

New Orleans, Louisiana, this 31st day of March, 2008.

_____
**G. THOMAS PORTEOUS, JR.**
**UNITED STATES DISTRICT JUDGE**