UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**HURWITZ MINTZ FINEST FURNITURE**                    **CIVIL ACTION**

**VERSUS**                                                                    **NO. 06-4817**

**UNITED FIRE & CASUALTY CO.**                          **SECTION "T" (3)**

**ORDER AND REASONS**

Before the Court is Plaintiffs' Motion for Partial Summary Judgment requesting the Court find that Defendant breached its duty of good faith and fair dealing by misrepresenting policy provisions. Rec. Doc. 102. Defendant filed an Opposition. Rec. Doc. 163. The Motion came for hearing with oral argument on August 8, 2007, and was taken under submission. The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

**I.    BACKGROUND**

This action involves a dispute over insurance coverage applicable to Plaintiffs' two furniture stores as a result of damage during Hurricane Katrina. Plaintiff was the named insured on Policy No. 70606595 issued by Defendant with an original policy period of June 30, 2005 through June 30, 2006.

Plaintiffs allege they presented their claim to Defendant's adjuster who initially indicated that a co-insurance penalty would not apply to Plaintiffs' claim. Rec. Doc. 102 at p. 3. According to Plaintiffs, the adjuster later retracted his statement and informed Plaintiffs that a 16.75% co-insurance penalty would apply. Plaintiffs allege that Defendant later changed its position and explained that a co-insurance penalty of 25% would apply. Finally, five months after it took the last position, Plaintiffs submit Defendant changed its position again and explained that a co-insurance penalty of 50% would apply. Rec. Doc. 102 at p. 3.

The instant Motion submits that the aforementioned actions of Defendant amounts to repeated misrepresentations regarding the co-insurance provision of the policy issued to Plaintiffs. Rec. Doc. 102 at p. 5. Plaintiffs argue the misrepresentations are a breach of Defendant's duty of good faith and fair dealing under LSA-R.S, 22:1220; therefore, they urge they are entitled to summary judgment finding that this statute has been violated. Rec. Doc. 102 at p. 7.

Defendant's Opposition counters that an insured must establish that the misrepresentation was intentional. Rec. Doc. 163. Defendant urges Plaintiffs have not met their burden because they have not shown that Defendant intentionally misrepresented the terms of the policy. They argue that it has been its positions since August 14, 2006 that the 50% co-insurance/agreed value option applies and because the insured had a blanket policy, sales of both stores (Royal Street and Airline) are used to determine whether there is a business income loss. Rec. Doc. 163 at p. 4. The statements relied upon by Plaintiffs are those of the adjuster hired by Defendant who expressly represented that he had no authority to bind United Fire, corrected his error timely, and testified he was unaware of the 50% co-insurance until after he adjusted the claim. Rec. Doc. 163 at p. 4. Finally, Defendant argues that this case is different than those cited by Plaintiffs because here Defendant's erroneous interpretation of its policy resulted in overpayment rather than underpayment. Rec. Doc. 163 at p. 4.

**II.     LAW AND ANALYSIS**

Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FRCP 56(c). The party moving for summary judgment bears the initial responsibility of

informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Stults v. Conoco, Inc.,* 76 F.3d 651, 655-56 (5th Cir. 1996) *citing, Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. *See Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. *See Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992). Rather, the non-movant must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. *Id.* Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. *Martin v. John W. Stone Oil Distrib., Inc.,* 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255.

The pertinent statutory provision provides:

> § 1220. Good faith duty; claims settlement practices; cause of action; penalties
>
> A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
>
> B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:
>
> (1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.

3

>     ...
>
>     C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.

LSA:R.S. 22:1220

The Louisiana Supreme Court has held this statue is penal statute and must be strictly construed. *Theriot v. Midland Risk Ins. Co.* 694 So.2d 184, 188 (La. 1997). Further, that court has held that the language of the statute has a concomitant scienter requirement requiring that the acts listed and those alone are the intended targets of the damages and penalties provided if they are knowingly committed. *Theriot,* 694 So.2d at 188.

In order for the Court to grant summary judgment, Plaintiffs must establish that there is not any genuine issue of fact regarding whether or not Defendant misrepresented the policy's provisions and then must demonstrate that there is not any genuine issue of fact that the misrepresentations were intentional. Assuming for purposes of the Motion that Plaintiffs have met their burden in demonstrating there are no issues of fact that the statements made by the adjuster were in fact misrepresentations about the policy's coverages, the Court cannot not make the leap on the record before it that those misrepresentations were intended by the insurer Defendant entitling Plaintiffs to judgment at this stage of the litigation as a matter of law. Defendant presents evidence demonstrating that the adjuster's representations to Plaintiffs was made with the express reservation that he did not have authority to bind United Fire. The key issue is United Fire's intent. The fact that the adjuster expressly represented that he did not have authority is sufficient to raise an issue

of fact as to Untied Fire's intent. The resolution of Defendant's intent to misrepresent the policy's provisions requires a credibility determination, which the trier of fact must decide after reviewing the evidence presented by both parties on the issue. This matter is not appropriately resolved by summary judgment. Rather, it requires resolution by trial on the merits.

Plaintiff relies on the case of *Haas v. Audubon Indem. Co.* 722 So.2d 1022, 1029, 1998-565, 11-12 (La. App. 3rd Cir. 1998) arguing that any error made by the insurance company in the interpretation of its policy amounts to a misrepresentation. The Haas decision was made after a full trial on the merits and after the trial court found, and the appellate agreed, that under no circumstances was the interpretation of the insurance policy given by the insurer to deny coverage reasonable. In so finding, the court stated:

> In the instant case, Audubon made erroneous interpretations of its policy. Even assuming that the issues were res nova, it is **abundantly clear to any impartial reader of the vandalism provisions of the policy that the theft exclusion was patently ambiguous**. Given that it is well known within the insurance industry that ambiguities in insurance policies will be construed against the drafter of the contract and since Audubon drafted the contract, it certainly had constructive knowledge that Haas was entitled to coverage for the damages to the building. Yet, it denied same and put Haas through the expense and unnecessary delays of a lawsuit to enforce the contract. Concerning the asbestos claim, Audubon's attempt to defend itself based upon an exclusion not applicable is likewise additional evidence of bad faith.
>  Audubon knowingly took the risk of misinterpreting its policy. A possible interpretation does not equate to a reasonable interpretation as the law requires. In this circumstance, the trial court was correct in finding that Audubon was sufficiently arbitrary and capricious in adjusting this claim to warrant the award of penalties and attorney's fees to Haas. This assignment of error is without merit. (Citations Omitted)

Contrary to the facts in Haas, there has not been any finding by a court that the provision is ambiguous or that the interpretation given it by Defendant is unreasonable. Therefore, Haas is

inapplicable to the instant Motion and facts as they stand currently.

Accordingly and for the reasons stated herein,

**IT IS ORDERED** that Plaintiffs Motion for Summary Judgment (Rec. Doc. 102) is **DENIED.**

New Orleans, Louisiana, this 31st day of March, 2008.

*[signature]*

**G. THOMAS PORTEOUS, JR.**
**UNITED STATES DISTRICT JUDGE**