UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**HURWITZ MINTZ FINEST FURNITURE**                **CIVIL ACTION**

**VERSUS**                                        **NO. 06-4817**

**UNITED FIRE & CASUALTY CO.**                    **SECTION "T" (3)**

### ORDER AND REASONS

Before the Court is Plaintiffs' Motion for Partial Summary Judgment requesting the Court find that Defendant breached its duty of good faith and fair dealing by failing to pay Plaintiffs' claim within the statutory time period. Rec. Doc. 105. Defendant filed an Opposition. Rec. Doc. 149. The Motion came for hearing with oral argument on August 8, 2007, and was taken under submission. The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

**I.    BACKGROUND**

This action involves a dispute over insurance coverage applicable to Plaintiffs' two furniture stores as a result of damage during Hurricane Katrina. Plaintiffs were the named insured on Policy No. 70606595 issued by Defendant with an original policy period of June 30, 2005 through June 30, 2006. As a result, Plaintiffs allege it sustained business income losses and damage to its inventory.

Plaintiffs submit that they reported their claims to Defendant and on September 7, 2005, Defendant acknowledged that they received notice of the claim. Plaintiffs further submits that on February 29, 2006, Defendant's adjuster requested Defendant "please issue payment in the amount of $454,700." Rec. Doc. 105 at p. 2. On March 14, 2006, the report requesting payment was forwarded to Jerry Provencher, the lead adjuster on the claim, requesting this payment, minus a $150,000 advance payment, be made to Plaintiffs. This payment was made for the loss of income claim. The payment, however, was not issued until June 2, 2006.

Further payment was approved by United Fire's adjuster for damage sustained by rugs at the Royal Street location. Jerry Provencher also approved the payment on March 14, 2006. Prior to payment being made, Defendant withheld $53,538.75 and approved only $265,193.92 in damages. The payment for this latter amount was made June 2, 2006. The former amount has not been paid to Plaintiffs.

Plaintiffs' Motion argues that Defendant breached its duty of good faith and fair dealing under LSA-R.S. 22:1220 by failing to pay Plaintiffs claims within 30 or 60 days of receiving satisfactory proof of loss. Rec. Doc. 105 at p. 5. According to Plaintiffs, "satisfactory proof of loss" is proof "sufficient to fully apprise the insurer of the claim." Rec. Doc. 105 at p. 6. Plaintiffs submit Defendant had sufficient information to act on Plaintiffs' claim on February 29, 2006 when its adjuster requesting the payment on the business income claim; however, that payment was not made until more than two months later and therefore, violates LSA-R.S. 22:1220 and LSA-R.S. 22:658. Additionally, Plaintiffs argue that Defendant had sufficient information to act on its claim for the rug loss; but failed to pay the full amount of that loss and delayed the payment that was made for more than two months violating LSA-R.S. 22:1220 and LSA-R.S. 22:658.

Defendants respond that the statues cited require a finding that an insurer act arbitrary, capricious or without probable cause prior to the penalty provisions being triggered. Rec. Doc. 149 at p. 2. The burden to prove conduct that is arbitrary, capricious and without probable cause in on the insured and requires proof that the insurer "knowingly committed actions which were completely unjustified." Rec. Doc. 149 at p. 3. In other words, Defendant urges that Plaintiffs have to prove intent and that intent is rarely appropriate for summary judgment. Rec. Doc. 149 at p. 3. Defendant argues that Plaintiffs have failed to meet their burden because it has failed to present any evidence

2

that Defendant acted arbitrary, capricious or without probable cause.  Additionally, Defendant's argue that legitimate doubts about coverage i.e. a good faith coverage defense allows the insurer to litigate questionable claims without being subjected to statutory penalties and damages.  Defendant has a dispositive motion pending on coverage issues and therefore, they urge that they have a good faith coverage defense precluding a finding, at least at this stage, that they have acted arbitrary, capricious and without probable cause.

## II.     LAW AND ANALYSIS

Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FRCP 56©.  The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Stults v. Conoco, Inc.,* 76 F.3d 651, 655-56 (5th Cir. 1996) *citing, Skotak v. Tenneco Resins, Inc*., 953 F.2d 909, 912-13 (5th Cir.).  Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. *See cause Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. *See Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992).  Rather, the non-movant must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. *Id.*  Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. *Martin v. John W. Stone Oil Distrib., Inc.,* 819 F.2d 547, 549 (5th Cir. 1987).  Finally, in evaluating the summary judgment motion, the court must read the facts in

3

the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255.

The pertinent statutory provisions provide[1]:

> § 658. Payment and adjustment of claims, policies other than life and health and accident; personal vehicle damage claims; penalties; arson-related claims suspension
>
> A(4) All insurers shall make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim.
>
> ...
>
> B. (1) Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim, as provided in Paragraphs (A)(1) and (4), respectively, or failure to make such payment within thirty days after written agreement or settlement as provided in Paragraph (A)(2), **when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty**, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings. (Emphasis added)

LSA:R.S. 22:658

> § 1220. Good faith duty; claims settlement practices; cause of action; penalties

---

[1] The Court notes that these statutes were amended in 2006 and that in the amendment, section 658's penalties increased to 50% from the prior 25%. The issue of whether the amended version is applicable is not at issue in this Motion and is the subject of another Motion pending before the Court. The language emphasized is the pertinent language at issue in this Motion and did not change with the 2006 amendment.

>A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
>
>B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:
>...
>
>(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant **when such failure is arbitrary, capricious, or without probable cause**.
>...
>
>C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.

LSA-R.S. 22:1220.

Penalties and attorney fees are not assessed unless it is clearly shown that the insurer was in fact arbitrary, capricious, and without probable cause in refusing to pay. *Block v. St. Paul Fire & Marine Ins. Co.*, (La.App. 2nd Cir. 9/22/99), 742 So.2d 746 (citations omitted). Therefore, sanctions should be employed only in those instances where the facts negate probable cause for nonpayment. The party seeking damages must prove that the insurer's actions or failure to act were unjustifiable. Whether an insurer's actions warrant imposition of statutory penalties depends upon the facts of the case, as well as, those facts known to the insurer. Accordingly, the inquiry is primarily a factual. *Haynes v. Shumake*, 582 So.2d 959, 961 (La.App. 2d Cir.1991).

An insurer's actions are "arbitrary and capricious" when its willful refusal of a claim is not based on a good faith defense, *La. Maintenance Servs., Inc., v. Certain Underwriters at Lloyd's of London*, 616 So.2d 1250, 1253 (La.1993), or is unreasonable or without probable cause, *Darby v. Safeco Ins. Co.,* 545 So.2d 1022, 1029 (La.1989). When an insurance carrier is fully apprised of the facts and circumstances establishing Plaintiffs right to recovery it shall not arbitrarily or capriciously refuse to pay the claim. *Haynes, supra*. Whether or not a refusal to pay is arbitrary, capricious, or without probable cause depends on the facts known to the insurer at the time of its action. *Id.* A plaintiff seeking penalties under has the burden of proof under both statutes. *Ramirez v. Ware* 680 So.2d 1302, 1307, 28,879 , 9 (La.App. 2 Cir.,1996)

Plaintiffs argue that because the Defendant's adjuster requested payment be made and because Defendant then failed to pay those undisputed amounts within the applicable time period, then they should prevail.  However, an allegation that Defendant failed to pay, in and of itself, is not enough to establish conduct that is arbitrary, capricious or without probable cause.  Plaintiff must prove and demonstrate facts showing more than just that the failure to pay; they must show the failure was unjustifiable.  Plaintiffs reply further counters that Defendant's have not provided any evidence demonstrating why it did not pay timely.  However, that is not Defendant's burden.  Only after Plaintiffs come forward with sufficient evidence demonstrating that Defendant's delay was arbitrary capricious or without probable cause, would the burden shift to Defendant to rebuke that claim.  Plaintiffs have not met their threshold burden and therefore, summary judgment is denied. Additionally, this highly fact intense inquiry is better left for the jury to decide after hearing and weighing all the evidence.

Plaintiffs reply cites *Steadman v. Pearl Assur. Co.*  167 So.2d 527, 530 -531 (La. App. 4th

Cir. 1964) for the premise that a failure to offer any explanation as to the delay in payment requires a finding that the insurer acted arbitrary, capriciously or without probable cause. *Steadman* involved an insurance company's alleged bad faith in failing to timely contact a plaintiff injured by its insured driver.  The appellate court was reviewing the matter after a trial on merits and found that the trial record did not reveal any action by the insurance company from the time it was apprised of the loss, by way of investigation.  It also did not deny liability, nor question the amounts submitted by the injured plaintiff and no issue was raised, and no reason given for not paying the claim. Because defendant has offered no explanation of its delay or failure to contact plaintiff for sixty-one days and the penalty provision of the statute must apply.

In this case, it is undisputed that Defendant tendered a $150,000 payment to the insured on September 11, 2005, within five days of the initial proof of loss submission. Thereafter, the adjustment process began.  As such, Defendant's conduct is not similar to the lack of any action by the insurer in *Steadman* and the case is distinguishable.

Accordingly and for the reasons stated herein,

**IT IS ORDERED** that Plaintiffs Motion for Partial Summary Judgment (Rec. Doc. 105) is **DENIED.**

New Orleans, Louisiana this 31st day of March, 2008.

**G. THOMAS PORTEOUS, JR.**
**UNITED STATES DISTRICT JUDGE**