UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**HURWITZ MINTZ FINEST FURNITURE**　　　　　　　　　**CIVIL ACTION**

**VERSUS**　　　　　　　　　　　　　　　　　　　　　　　　　**NO. 06-4817**

**UNITED FIRE & CASUALTY CO.**　　　　　　　　　　　　**SECTION "T" (3)**

**ORDER AND REASONS**

Before the Court is Defendant's Motion for Partial Summary Judgment on all Plaintiffs' Claims for Attorney's Fee and Penalties. Rec. Doc. 113. Plaintiffs filed an Opposition. Rec. Doc. 145. Defendant's filed a reply to which Plaintiffs filed a sur-reply. Rec. Doc. 213, 263. Defendant supplemented its Memorandum. Rec. Doc. 265. Plaintiffs then filed two sur-replies. Rec. Doc. 278, 297. The Motion came for hearing with oral argument on August 8, 2007, and was taken under submission. The Court, after considering the memoranda and arguments of the parties, the record, the law, and applicable jurisprudence is fully advised in the premises and ready to rule.

Also pending before the Court is a Plaintiffs' Appeal of the Magistrate's Ruling Denying Leave to Amend. Rec. Doc. 328. That Motion came for hearing without oral argument on March 19, 2008, and was submitted on the briefs.

The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

**I.　　BACKGROUND**

This action involves a dispute over insurance coverage applicable to Plaintiffs' two (2) furniture stores as a result of damage during Hurricanes Katrina and Rita. Plaintiffs were the named insured on Policy No. 70606595 issued by Defendant with an original policy period of June 30, 2005 through June 30, 2006. Plaintiffs allege they have not been properly paid in accordance with the policy provisions and seek, *inter alia*, penalties and attorneys fees under the appropriate statutes for

Defendant's alleged bad faith in not paying the claims within the statutory time period pursuant to LSA-R.S.§ 22:658 and for breaching its duty of good faith and fair dealing pursuant to LSA-R.S. § 22:1200.  Rec. Doc.1.  The statutory penalty under LSA-R.S.§ 22:658 was increased from 25% to 50% effective August 15, 2006, and now provides for the assessment of attorney's fees.  The amendment and its applicability are the subject of this Motion.

Defendants filed the instant Motion requesting the Court find that the pre-amendment version of LSA-R.S.§ 22:658 applies as the allegations regarding the bad faith adjustment of the claim took place prior to the amendment's effective date.  Further, Defendant argues that Plaintiffs' cannot show that Defendant acted arbitrarily, capriciously or without probable cause and therefore, summary judgment should granted declaring that Defendant cannot be held liable under LSA-R.S.§ 22:658  Finally, Defendant argues that the undisputed evidence shows that it did not intentionally misrepresent coverage issues to the Plaintiffs and therefore, they are entitled to summary judgment declaring that they cannot be held liable under LSA-R.S. § 22:1200.  Rec. Doc. 113.

Plaintiffs counter that the 2006 amendment applies retroactively to conduct that occurred pre-amendment and therefore, the 50% penalty and attorney's fees provision applies in this case. Even if the amendment applies prospectively only, Plaintiffs argue they are entitled to the 50% penalty and the attorney's fees because Defendant's conduct continued after the effective date of the amendment.  Rec. Doc. 145.  Third, Plaintiffs argue that the summary judgment on the LSA-R.S. § 22:1200 issue should be denied because the evidence is clear that Defendant repeatedly misrepresented the policy provisions.  Fourth, Plaintiffs argue summary judgment should be denied because questions of fact exist regarding whether Defendant violated the statutes in connection with their adjustment of the business income claim.  Rec. Doc. 145 at p. 17.  Fifth, Plaintiffs suggest

summary judgment be denied because the evidence shows Defendant violated both LSA-R.S. § 22:1200 and LSA-R.S.§ 22:658 in connection with the claim for rug damage at the Royal Street location.  Finally, Plaintiffs submit the summary judgment should be denied because the evidence shows Defendant violated both LSA-R.S. § 22:1200 and LSA-R.S.§ 22:658 as it relates to the Airline Drive building damage claim.  Rec. Doc. 145.

**II.    LAW AND ANALYSIS**

Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FRCP 56(c).  The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Stults v. Conoco, Inc.,* 76 F.3d 651, 655-56 (5th Cir. 1996) *citing, Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.).  Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case.  *See Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  *See Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992).  Rather, the non-movant must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  *Id.*  Hearsay evidence and unsworn documents do not qualify as competent opposing evidence.  *Martin v. John W. Stone Oil Distrib., Inc.,* 819 F.2d 547, 549 (5th Cir. 1987).  Finally, in evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party.  *Anderson*, 477 U.S. at 255.

The Court begins with Defendant's arguments that it is entitled to summary judgment on the issues related to its proposed bad faith, alleged failure to timely adjust claims, its alleged misrepresentations under the policy and all other acts of arbitrariness, capriciousness or lack of probable cause alleged by Plaintiffs in violation of LSA-R.S. § 22:1200 and LSA-R.S.§ 22:658. At the same time the instant Motion was filed, Plaintiffs filed Motions for Summary Judgment requesting the Court find as a matter of law that Defendant's conduct, the same conduct at issue in this Motion, violated, as a matter of law, these same statutes. *See* Rec. Docs. 102, 105. The Court found that those Motions should be denied due the highly fact intense inquiry of the issues presented which inquires are better left for the jury to decide after hearing and weighing all the evidence. The Court comes to the same conclusion with regard to Defendant's instant Motion. Accordingly, the Motion is denied insofar as it requests summary judgment finding that Defendant's conduct, as a matter of law, did not violate LSA-R.S. § 22:1200 and LSA-R.S.§ 22:658.

Turning now to the applicability of the 2006 Amendment, this Court has already ruled on the issues presented herein in *Marketfare Annunciation, LLC v. United Fire & Cas. Co.* 2007 WL 4144944 (E.D.La.,2007)(Porteous, J). In *Marketfare*, this Court held that the 2006 Amendments to LSA-R.S. 22:658 do not apply retroactively. 2007 WL 4144944 *2. Accordingly, Plaintiffs' argument that the 50% penalty and attorneys fees provision enacted in 2006 apply retroactively to acts pre-amendment is rejected.

Next, Plaintiffs argue that the statute applies prospectively to acts that occurred post-amendment. In the context of this Motion, Plaintiffs submit evidence of one alleged instance of improper action by the Defendant in April 2007, after the lawsuit was filed. *See* Rec. Doc. 263 at

p. 5.[1]  In *Marketfare*, this Court found that the date the cause of action **accrues** is the applicable date for determining whether the 2006 or 2005 version is applicable. 2007 WL 4144944 *3. Similar to the plaintiffs in *Marketfare,* the Plaintiffs in this matter do not present evidence regarding the accrual of their cause of action but rather argue that when conduct begins pre-amendment and continues post-amendment, the newer version of the statute applies to the post-amendment conduct. That argument was rejected in *Marketfare* based upon this Court's prior rulings. *See Marketfare,* 2007 WL 4144944, 5(E.D. La. 2007) *citing, Kiefer v. State Farm Mutual Automobile Co.*, 1999 WL 147673 (ED La. 3/11/99)(Porteous, J). In *Kiefer*, the issue was whether LSA-R.S. § 22:1220, effective on July 6, 1990, applied to an insurer's conduct which continued after the statute's effective date.  In *Kiefer*, this Court found that the insured had been complaining of the bad faith conduct since 1989 (pre-enactment) and specifically rejected the argument that if the bad faith continued past the July 1990 effective date, that the statute would be applicable to conduct occurring pre-enactment. This Court agreed with Louisiana precedent that if the alleged bad faith occurred (i.e. began) after the effective date of the statute, such as when a settlement is reached and not funded within thirty (30) days, then the statute would apply prospectively to such a claim. However, because it was clear that State Farm's failure to make any tender began in 1989 and continued after the statute's enactment, the statute was not applicable to the pre-amendment facts of the case. *Kiefer,* 1999 WL 147673 *7.

In determining when the cause of action accrues, the Court looked to Judge Duval's decision in *Madere v. State Farm Fire & Casualty Company*, 2007 WL 165553 (E.D. La. 2007) for guidance.

---

[1] The Court is aware of the pending Appeal of the Magistrate's ruling denying Plaintiffs' Motion for Leave to Amend asserts additional post-amendment conduct beginning in April 2007 and ending in November 2007. Rec. Doc. 336.

In *Madere,* Plaintiffs argued that the 2006 amended version of the statute should apply because the insurer failed to reexamine its position post-amendment. The insurer urged that because Plaintiffs filed suit prior to August 15, 2006, the amendment was not applicable. Judge Duval found that "an insured's right to penalty under § 658 comes into existence only after the insurer fails to pay a claim within thirty (30) days of receiving satisfactory proof of loss." *Madere,* 2007 WL 165553 (E.D. La. 2007)(citations omitted). "The critical factor in determining the applicability of the amendment to § 658 is not whether the suit was filed prior to the effective date of the amendment, ... but rather whether the thirty (30) day period within which State Farm had to pay the claim, trigger[ed] by its receipt of the "satisfactory proof of loss," expired on or after August 15, 2006." *Id.* Judge Duval denied the Motion for Summary Judgment because there was no evidence showing when, or if, plaintiffs provided State Farm with satisfactory proof of loss. Thus, Judge Duval could not determine whether the thirty (30) day period during which State Farm should have timely paid payment, elapsed prior to or after the effective date of the amendment.

Similarly, the Court cannot surmise from this record when or whether satisfactory proof of loss was submitted and therefore, the Court cannot ascertain whether the cause of action accrued prior to or after the effective date of the 2006 amendment. In fact, in the other numerous motions filed before this Court one of the highly contested issues is the adequacy and existence of "proof of loss." Accordingly, the Court **DENIES** Defendant's Summary Judgment at this time.

The Court now reviews Plaintiffs' Appeal of the Magistrate's Order denying Plaintiffs' Leave to Amend relying on this Court's *Marketfare* decision. Rec. Doc. 318. In sum, Plaintiffs argue that the Magistrate erred in not allowing Plaintiffs to amend their complaint to alleged acts violating LSA-R.S. § 22:1200 and LSA-R.S.§ 22:658 which occurred after the 2006 Amendment.

6

Rec. Doc. 336. Specifically, Plaintiffs seek leave to amend to add allegations of bad acts occurring in April 24, 2007, June 21, 2007, and November 5, 2007. Rec. Doc. 336. These alleged acts are all past the date this suit was filed, i.e. post-August 25, 2006. Hence, they cannot be looked at in determining whether the penalty statute is applicable. *Marketfare,* 2007 WL 4144944, 3 (E.D.La.,2007) *citing*

*Premium Finance Company v. Employers Reinsurance Corp.,* 761 F.Supp. 450, 452 (W.D.La.1991). Accordingly, the Court finds that the Magistrate's ruling was not clearly erroneous or contrary to law. *See* FRCP 72(a); 28 U.S.C. § 636 (b0(1)(A).

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion for Partial Summary Judgment (Rec. Doc. 113) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Appeal of the Magistrate's Order Denying Leave to Amend (Rec. Doc. 328) is **DENIED.**

New Orleans, Louisiana, this 31st day of March, 2008.

**G. THOMAS PORTEOUS, JR.**
**UNITED STATES DISTRICT JUDGE**

7