UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**HURWITZ MINTZ FINEST FURNITURE**                          **CIVIL ACTION**

**VERSUS**                                                  **NO. 06-4817**

**UNITED FIRE & CASUALTY CO.**                              **SECTION "T" (3)**

**ORDER AND REASONS**

Before the Court is Defendant's Motion for Partial Summary Judgment requesting the Court dismiss Plaintiffs' claim for wind damage to its Airline Highway location. Rec. Doc. 132. Plaintiffs filed an Opposition. Rec. Doc. 142. The Motion came for hearing with oral argument on August 8, 2007, and was taken under submission. The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

**I.      BACKGROUND**

This action involves a dispute over insurance coverage applicable to Plaintiffs' two (2) furniture stores as a result of damage during Hurricanes Katrina and Rita. Plaintiffs were the named insured on Policy No. 70606595 issued by Defendant with an original policy period of June 30, 2005 through June 30, 2006. Prior to the storms, Plaintiffs operated two (2) furniture locations, one on Royal Street in the New Orleans French Quarter and the other on Airline Drive. The Airline Drive location is the subject of the instant Motion.

Defendant argues that Plaintiffs have failed to provide it with proof of loss, estimate of damages, repairs or invoices regarding any wind driven damage to the Airline location. Rec. Doc. 132 at p. 2. The policy provides a $5000.00 deductible and because no information has been provided on the wind damage loss, Defendant submits it does not know whether Plaintiffs' claim exceeds the deductible nor can it ascertain whether the claims are truly wind related and covered

under the policy. Rec. Doc. 132 at p. 2. Additionally, Defendant asserts that the adjuster hired to adjust the loss noted some wind driven damage to the Airline location; however, Plaintiffs never produced evidence that repairs were made. Rather, Defendant submits all Plaintiffs have revealed is that an "unspecified about of wind damage was repaired at the unspecified expense of Plaintiffs and Plaintiffs are entitled to compensation therefore." Rec. Doc. 132 at p. 2 (quoting Plaintiffs' discovery responses). Since Plaintiffs have failed to produce any documentation or evidence that the Airline Drive location sustained any wind damage in excess of the deductible, Defendant requests dismissal on summary judgment.[1] Rec. Doc. 132 at p. 4.

Plaintiffs' Opposition counters that Defendant's statement that a proof of loss was not provided is clearly erroneous because on September 3, 2005, a Property Loss Notice was sent to Defendant notifying it of loss at all locations listed on the policy, including the Airline location. Rec. Doc. 142 at p. 3. Defendant, Plaintiffs maintain, acknowledged the loss on November 9, 2005, the date Plaintiff received a claim number and an adjuster for its claim. Rec. Doc. 142 at p. 3.

Plaintiffs' Opposition also states it complied with all the policy terms; but Defendant has not. Further, Plaintiff provides it allowed Defendant's adjuster to inspect the Airline location and take photographs. The adjuster's report and photographs indicate wind damage and water penetration to the building. Rec. Doc. 142 at p. 4 (citing to Exhibit "C"). Plaintiffs urge the adjuster's photographs and report are enough evidence to demonstrate the Airline location sustained wind damage and that Defendant notice of the loss.

In addition, Plaintiffs argue that Defendant's argument that Plaintiffs failed to provide

---

[1] Defendant also points out that Plaintiffs' agent, as late as May 2007, thought that the wind damage claim was either under the deductible or resolved in some other way until he was informed otherwise by Plaintiffs' counsel prior to his depositions. Rec. Doc. 132 at p. 2 (discussing agent's deposition testimony).

estimates, repairs or invoices, even if true, is excusable because pursuant to the policy such information has to be requested from Plaintiffs. Plaintiffs submit that Defendant never requested the pertinent information. Rec. Doc. 142 at p. 4.

Finally, Plaintiffs argue that Defendant's position that it does not know whether the wind damage claim exceeds the deductible is "disingenuous" because its adjuster's November 8, 2005, report set the reserve for the building claim at $15,000.00. Rec. Doc. 142 at p. 5.

Defendant filed a brief reply pointing out that in March 2006, its adjuster concluded that the building damage was minor and set the reserve at $2500.00 based upon the fact that the building had been repaired but no contractor's invoice had been submitted. Rec. Doc. 214 at p. 2. Accordingly, Defendant submits Plaintiffs did not comply with its obligations to establish a loss owed under the policy despite its arguments to the contrary in its Opposition. Further, Defendant points out that Plaintiffs nave not produced any evidence that the damage to the Airline location exceeds the deductible despite discovery requests asking for this information. Rec. Doc. 214 at pp. 203. Finally, Defendant responds that the November 2005, $15,000 reserve is not an indication of actual damage and the reserve was later lowered to an amount below the deductible after Plaintiffs failed to provide information on the wind loss at the Airline building. Rec. Doc. 214 at p. 3.

## II.   LAW AND ANALYSIS

Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FRCP 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record

which it believes demonstrate the absence of a genuine issue of material fact. *Stults v. Conoco, Inc.,* 76 F.3d 651, 655-56 (5th Cir. 1996) *citing, Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. *See Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. *See Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992). Rather, the non-movant must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. *Id.* Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. *Martin v. John W. Stone Oil Distrib., Inc.,* 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255.

The Court finds that there are genuine issues of material fact precluding summary judgment at this time, including, but not limited to whether the actual wind damage to Airline Drive building is lower than or exceeds $5000; whether Defendant had adequate notice of the loss; and whether Plaintiffs' submitted adequate notice of this particular loss to Defendant. Thus, Defendant's Motion is **DENIED**. Nevertheless, the Court orders Plaintiffs to submit to Defendant within thirty (30) days of this Order a complete and exhaustive list of all damages it alleges are covered under the wind damage portion of Defendant's policy together with appropriate estimates and repair invoices.

Accordingly and for the reasons stated herein,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (Rec. Doc. 32) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs submit to Defendant the documentation

4

ordered within thirty days of the date this Order is signed.

New Orleans, Louisiana, this 31st day of March, 2008.

	_____
	**G. THOMAS PORTEOUS, JR.**
	**UNITED STATES DISTRICT JUDGE**